## BOARD OF EDUCATION OF DOOLY COUNTY *v.* BOARD OF COMMISSIONERS OF DOOLY COUNTY.

No. 11189. APRIL 15, 1936.

*Miller & Lowrey,* for plaintiff.
*Watts Powell* and *L. F. Beddingfield,* for defendant.

BECK, Presiding Justice. The Board of Education of Dooly County brought a petition against the county and the board of commissioners of roads and revenues thereof, to compel them to turn over to the plaintiff certain certificates of indebtedness in the amount of $50,000 for the erection and equipment of high-school buildings in the county, alleging as follows: On August 25, 1931, the General Assembly submitted to the voters of the State a constitutional amendment, which was afterwards duly ratified, whereby the State assumed the indebtedness of the counties of the State, contracted by and through the State Highway Department, for the construction of certain public roads and highways, and which provided that the indebtedness of the counties thus assumed should be evidenced by certificates of indebtedness issued or to be issued by the State Highway Department of Georgia. By an act of the General Assembly of March 1, 1933, passed in pursuance of this constitutional amendment, the amount so fixed as due Dooly County was $192,000, and the State Highway Department issued · and delivered to Dooly County its certificates of indebtedness in that amount. The act of March 1, 1933, provided that the governing authorities of a county receiving these certificates of indebtedness should first apply the proceeds arising from the sale thereof to the payment of so much of the outstanding and unpaid bonded indebtedness of the county as was incurred and used for the construction of the public roads and highways in question, and might then "use any surplus thereof for any other proper and legal county purpose." By a special act of the General Assembly, approved March 24, 1933, it was provided that "it shall be the duty of the commissioners of roads and revenues of Dooly County to set aside $50,000 of the highway certificates for constructing and equipping county high-school buildings in said County of Dooly, and that said amount shall be set apart and transferred to the county board of education of said county by the commissioners of roads and revenues of the county." Petitioner alleges that this provision of the special act of March 24, 1933, is mandatory and controlling upon the governing authorities of Dooly County; and a writ of mandamus absolute against the defendants is prayed.

To this petition the defendants filed a general demurrer, one ground of which is that the act of March 24, 1933 (being a special act and contrary to the general act of March 1, 1933, which was

passed in pursuance of a constitutional amendment submitted by the General Assembly August 25, 1931, and duly ratified) is null and void, because it is contrary to the constitutional amendment referred to and to the provision of the general act passed in pursuance thereof; and that it is in violation of paragraph 1 of section 4 of article 1 of the constitution of this State, which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The court sustained the demurrer and dismissed the action, and the plaintiff excepted. See Ga. L. 1933, pp. 161, 171, 503.

It will be observed that the act of March 1, 1933, which is a general act, contains a provision that after setting aside out of the proceeds from the sale of the certificates of indebtedness a sufficient amount to retire the outstanding and unpaid bonded indebtedness of the county, incurred on account of the construction of the roads mentioned in the act, the governing authorities of the county are authorized to "use any surplus thereof for any other proper and legal county purpose." But under the special act passed on March 24, 1933, it is provided that "it shall be the duty of said commissioners of roads and revenues of Dooly County to set aside $50,000 of the certificates of indebtedness, for constructing and equipping county high-school buildings in said County of Dooly," and that said amount shall be set apart and transferred to the county board of education of said county by the commissioners of roads and revenues of the county. It is clear that the provision last quoted from the special act of March 24, 1933, is in conflict with the provision above quoted from the general act of March 1, 1933, under which provision the county authorities are clothed with a discretion to sell and use any surplus, after retiring its bonded indebtedness therein referred to, "for any other proper and legal county purpose." We do not think that the provision in the special act requiring and making it the absolute duty of the board of commissioners of roads and revenues of Dooly County to set aside $50,000 worth of highway certificates for the erection and equipment of high-school buildings can be reconciled with the provision which we have quoted from the general act authorizing these county authorities to use the surplus for any other proper and legal county purpose. That being true, the court did not err in

sustaining the demurrers in the nature of a general demurrer to the petition.  *Judgment affirmed. All the Justices concur.*